UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 22 M 1000 |
| | |
| v. | Magistrate Judge Gabriel Fuentes |
| | |
| SUPPRESSED | |

## GOVERNMENT'S MODIFIED SUPPLEMENTAL MEMORANDUM IN RESPONSE TO COURT'S ORDER IN ABOVE-CAPTIONED MATTER[1]

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby files this supplemental memorandum in response to the Court's order on the government's motion to unseal a redacted copy of search warrant materials and permanently seal portions of search warrant materials. As set forth in more detail below, the Court has inherent authority over its records, including to permanently seal, or seal until further order of the court, search warrant materials, including those related to matters that are not charged or that involve uncharged individuals, in order to protect against the risk of reputational or other harm to uncharged or innocent persons that may occur if unredacted portions of such search warrants are made public. In support, the government states as follows:

---

[1] The government is filing the instant modified version of its August 4, 2023, supplemental memorandum at the direction of the Court. Specifically, as instructed by the Court, the government files this modified memorandum that has removed details of the underlying, sealed search warrant. As explained more fully in the government's August 4, 2023 sealed filing (ECF No. 11), the search warrant materials in this matter related to allegations of child exploitation. If made public, this information could identify, or be used to identify, a child victim, an uncharged target, and a cooperating witness in the investigation.

# BACKGROUND

On or about December 14, 2022, the Court approved the government's "Application and Affidavit for a Search Warrant" to search a person and a location within the Northern District of Illinois for evidence, instrumentalities, and fruits concerning federal criminal offenses for sexual exploitation of a child, receipt of child pornography, and possession of child pornography, in violation of Title 18, United States Code, Sections 2251(a); 2252A(a)(2)(A); and 2252A(a)(5)(B). This search warrant was sought in connection with allegations of sexual exploitation of a child. On the government's motion, the Court ordered that the Search Warrant, Application, and corresponding sealing motion and order remain under seal for a period of 180 days, or until June 12, 2023.

On or about June 30, 2023, the government filed a *nunc pro tunc* motion to unseal a redacted copy of the search warrant materials and permanently seal portions of the search warrant materials. In its motion, the government requested that the application be partially unsealed in accordance with proposed redactions that included the redaction of information that could identify, or be used to identify, a child victim, an uncharged target, and a cooperating individual in the investigation.[2]

On July 7, 2023, this Court issued an order directing the government to address three topics: (1) the government's view concerning the practice of courts permanently sealing unredacted search warrants and allowing the public filing of

---

[2] The proposed redactions are described in the government's August 4, 2023 sealed filing. (ECF No. 11).

redacted versions; (2) the government's view as to its confidence level that such redactions adequately protect the identity of uncharged individuals or other information that could cause reputational harm or other harm if the information is released; and (3) the government's position on whether this question should be briefed by third parties. The government addresses these issues in turn below.

## ANALYSIS

As the Supreme Court has stated in broad terms, "[e]very court has supervisory power over its own records and files . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts have inherent authority to seal a search warrant and affidavit, and it is well-established that a court may seal a search warrant pending the execution of the search warrant and extend the seal thereafter. *See Matter of Sealed Affidavit(s) to Search Warrants Executed on Feb. 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) (providing that "the courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 289 (4th Cir. 2013) (holding that "a magistrate judge's power to control access to judicial documents ... derives from the district court's inherent power to control access").

I.     **Sealing Until Further Order of the Court in Uncharged Cases is the Preferred Remedy to Address Safety Concerns and Protect Reputational Harm.**

The questions raised here involve the sealing of search warrant documents until further order of the court–whether that be redacted portions or entire

documents.[3] The concerns cited by the Court regarding the practice of sealing unredacted search warrants until further order of the court and allowing the public filing of redacted versions are well-founded and, in response, the government maintains that sealing until further order of the court is the preferred practice. Indeed, sealing until further order of the court is the only practice that guarantees protection against the disclosure of private information posing a risk of reputational or other harm to uncharged or innocent persons. *Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 517, 519 (7th Cir. 1996) (affirming the district court's denial of an unsealing motion, where the "privacy of the innocent and the implicated would be threatened" upon disclosure, and where even the disclosure of redacted materials could allow the subjects of the investigation an opportunity to alter or remove records."). In fact, sealing until further order of the court in uncharged cases is the practice of courts in several Districts to protect against the genuine risks of disclosure in these cases.[4] Similarly, courts in this District have granted sealing until further order of the court in uncharged cases to protect against such risks. *See e.g., In the Matter of the Search of Suppressed,* 17 M 339 *(*Fuentes, J.).

---

[3] The Court--and the government--have previously referred to the practice of "permanently sealing" rather than the practice of "sealing until further of the Court." Upon reflection, the government believes the latter phrase is a more apt description of the relief it would seek, as a later change in circumstances may warrant unsealing upon the motion of the government or other interested party.

[4] For example, according to its query of prevailing practices in other U.S Attorney's Offices, the government has learned that in certain Districts, search warrants are sealed indefinitely and remain sealed after the case is charged unless the materials need to be admitted as an exhibit at a hearing. Alternatively, in other Districts, the government files redacted materials and the Court permanently seals the unredacted versions. The Districts are identified in the government's August 4, 2023 sealed filing. (ECF No. 11).

The government is mindful of the competing interests the Court may weigh when considering sealing of search warrant documents until further order of the court. True, the public generally has the right to access judicial documents associated with court records or proceedings that have been historically open to the public. *See Press-Enter. Co. v. Superior Court of Cal. for Riverside Cty.*, 478 U.S. 1, 13 (1986). Yet that generalized right of access can, and should, be balanced against—and, as several courts' holdings cited below recognize, outweighed by—the potential harms associated with disclosure of previously non-public information, which can result in serious reputational harms against uncharged individuals, or risk the safety or security of witnesses, including cooperators and undercover law enforcement officers. Similar concerns were addressed by the Sixth Circuit in *In re Search of Fair Finance* where the court held that there is no historical tradition of accessibility to documents filed in search warrant proceedings. 692 F.3d 424, 431 (6th Cir. 2012) (*citing Matter of EyeCare Physicians of Am.*, 100 F.3d at 517). Rejecting a First Amendment claim brought by newspapers, that federal appeals court found that there were harms in the public release of search warrant documents both before *and after* the execution of search warrants, including but not limited to safety risks to cooperators, revealing the government's investigative strategy, and the risk of "reveal[ing] the names of innocent people who never become involved in an ensuing criminal prosecution, causing them embarrassment or censure." *Id.* at 432. The privacy interests of individuals who could be identified using information in the search warrant materials significantly outweigh any generalized public right to access these documents.

Notably, the Seventh Circuit has held the press's right of access to court documents is not absolute—it is qualified. *Courthouse News Serv. v. Brown,* 908 F.3d 1063, 1069 (7th Cir. 2018); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation . . . ."). For example, sealed search warrant materials generated during grand jury investigations that conclude without formal charges are not historically open to the public and are not subject to the right of public access. *See Press-Enter.*, 478 U.S. at 10; *see also Douglas Oil Co. v. Petrol Stops N.W.,* 441 U.S. 211, 218 n.9 (1979) ("Since the 17th Century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.").

To mitigate harms, sealing a search warrant during the pendency of an investigation protects the integrity of the government's investigation and prevents targets or others from jeopardizing that investigation. Relatedly, sealing a search warrant after an investigation has been closed continues to protect not only the government's investigation and the sources of its information in a search warrant, but the subjects, victims, witnesses and cooperators themselves, particularly when they are not charged.[5] There is no valid reason, let alone a compelling First Amendment interest, to make public allegations against persons of criminal activity where a grand jury has not returned an indictment against that individual. Unsealing search warrants in such cases, and effectively accusing a person of

---

[5] To be clear, a defendant's right to discovery is not impacted by a sealing order as the government turns the documents over after a case is charged.

criminal acts publicly, could have profound effects on the subject's livelihood and reputation, and in certain cases could put them in physical danger.

And, unlike a case where charges are filed and a subject receives an attorney and a case begins, no due process rights follow the unsealing of a search warrant identifying uncharged individuals, victims, lay witnesses and certain cooperating witnesses, and thus the individuals implicated in the search warrant materials have no ability to challenge the assertions supporting probable cause in the warrant. Furthermore, it is not in the interest of the government to accuse persons of criminal activity unnecessarily and, in fact, it violates the Department of Justice's stated policies. *See* Justice Manual § 9-27.760 (providing that "in the absence of some significant justification, it is not appropriate to identify (either by name ***or unnecessarily-specific description***) . . . a third-party wrongdoer unless that party has been officially charged with the misconduct at issue") (emphasis added).

The Court's inherent authority over its records and filings gives this Court license to seal a search warrant until further order of the court and, here, there is good reason to do so, particularly because the sensitive information contained in these records overrides the presumption of public access.

## II. Unsealing Redacted Portions of Search Warrant Documents Compromises Safety and Risks Reputational Harm.

The government is mindful that, in this District, certain judges view sealing until further order of the court as overbroad and request that, at a minimum, redacted portions of a search warrant be unsealed. *See United States v. Suppressed,* 22 M 83 (court expressed a preference for a sealing of unredacted materials, along

with a publicly-disclosed redacted version to balance the government's policy of not publicly accusing uncharged individuals with the obligation of courts to ensure public access to its records and operate with transparency); *United States v. Suppressed,* 17 M 345 (denying permanent sealing but allowing the names and identifying information of uncharged persons to remain under seal). In light of these authorities, and to strike an appropriate balance, the government took this approach in the instant motion to unseal a redacted copy of the search warrant materials and permanently seal portions of the search warrant materials.

Here, however, the reasons for redaction extend beyond reputational harm. Real safety concerns exist for individuals who could be identified based on information in the search warrant materials. Furthermore, as the Court noted, redaction rather than sealing until further order of the court has resulted in the publication of certain information in other cases, which may have resulted in reputational harm to uncharged individuals.

In cases involving uncharged individuals or security concerns, the clearest safeguard would be sealing the search warrant and accompanying documents until further order of the court to prevent damaging, and potentially incomplete and unfair, press accounts about sensitive grand jury investigations that resulted in declinations by the U.S. Attorney's Office. Such press accounts have the potential to cause both safety concerns and reputational and other harm to uncharged persons. Only on the motion of a party in a certain case, who has satisfied the requirements of Article III

standing and ripeness of a dispute for judicial review, should the unsealing of redacted records be considered by the Court.

### III. The Government Does Not Take a Position on Briefing by Third Parties.

Finally, the Court has inquired into the government's position regarding whether this question should be briefed by third parties. The government respectfully takes no position on this inquiry and would defer to the Court's discretion regarding further briefing by third parties. As noted above, the government agrees that is the most prudent approach, which is permitted by the Court's inherent authority and the case-law cited above.

**CONCLUSION**

Accordingly, based on the foregoing, the government maintains that the redactions made to the search warrant and corresponding documents are appropriate. However, if the Court permits sealing until further order of the court, the government would agree that this would be the most robust mechanism to protect reputational and safety interests.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:  */s/Adam Rosenbloom*
Adam Rosenbloom
Assistant United States Attorney
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 353-0962

DATE: August 11, 2023